IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MIRIAN JEVELI,

     Plaintiff,

v.

DOLLAR TREE STORES, INC.,

     Defendants.

Civil Action
File No.:

## PETITION FOR REMOVAL

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division:

COMES NOW Dollar Tree Stores, Inc., by and through its undersigned counsel, and it hereby files this Petition for Removal and respectfully shows this Court the following:

1.     A civil action has been filed and is now pending in the State Court of Cobb County, State of Georgia, designated as Civil Action File No. 21-A-805.

2.     Ms. Jeveli filed her Summons and Complaint on March 3, 2021. Dollar Tree was served on March 11, 2021, and accordingly, Dollar Tree files this Petition of Removal.

3.      Defendant files herewith a copy of all process, pleading, and orders, including the Summons and Complaint served upon Defendant in this action, pursuant to 28 USC § 1446. (Attached hereto as Exhibit "A").

4.      Defendant is now, was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of the State of Virginia with its principal place of business located at 500 Volvo Parkway, Chesapeake, Virginia, 23320.

5.      Plaintiff is a citizen of Georgia. Therefore, the action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U. S. C. §§ 1332, 1367, and 1441 et seq., in that there is complete diversity among the parties and the Defendant is not a resident of the State of Georgia, the Parties are not residents of the same state, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6.      In Plaintiff's Complaint, she claims she went to Dollar Tree and slipped and fell due to hair gel on the floor, resulting in injuries. In addition to medical expenses, Plaintiff is claiming and suffering, lost wages, and that she is entitled to attorney's fees. Plaintiff's Complaint does not list a specific amount of damages claimed; however, Ms. Jeveli made a settlement demand for $200,000.00 (Attached as Exhibit "B"). In a typical case where a plaintiff claims no specific amount of

damages in her state court complaint, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." Streicher v. Sam's East, Inc., 2019 WL 1011815 (S.D. Ga. March 4, 2019).

In her demand, Plaintiff alleges she sustained injuries to her neck, lower back, left hip, left shoulder, and head. She claims she treated for her injuries and received chiropractic and orthopedic care. The medical records submitted with the demand reference a concussion. She further claims to have suffered herniated discs as a result of the fall. In total, she claims $17,250.50 in medical expenses. She also claims an estimated $40,000.00 in future treatment. Recently, Plaintiff's Counsel has indicated that Ms. Jeveli still requires treatment. (Email correspondence attached as Exhibit "C"). A settlement offer can constitute an "other paper" within the meaning of 28 U.S.C. § 1446(b); Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (holding that settlement offers that provide specific information to support the plaintiff's claim for damages are entitled to more weight because it suggests the plaintiff is offering a reasonable assessment of his claim).

In Harris v. Bloomin' Brands, Inc., 1:18:-cv-05078-ELR (N.D. Ga. 2019), Judge Ross found that the amount in controversy exceeded the $75,000 jurisdictional minimum even though the plaintiff only alleged $10,985.75 in incurred medical expenses. There the plaintiff alleged she sustained serious injuries to her spine, back,

neck, and left knee, and that she will require future medical treatments including injections and that she suffers a reduced earning capacity and permanent impairment.

Another recent case is the case of <u>Johnson v. Blackburn</u>, 2:16-CV-989-KOB, 2016 WL 5816114, at *2 (N.D. Ala. Oct. 5, 2016). There the plaintiff alleged he suffered severe injuries to his head, neck, and back. Based on the plaintiff's allegations, the District Court in Johnson found that using judicial experience and common sense, it could infer that the complaint meets federal jurisdictional requirements. <u>Id.</u>

Here, Ms. Jeveli has alleged a variety of injuries and that her injuries continue to cause her pain and suffering. These allegations are similar to these recent cases, it is clear that the jurisdiction minimum is met here.

7.    Defendant is not citizens of the State in which the State Court action is brought.

8.    The aforementioned Georgia State Court action is a civil action of which this Court has original jurisdiction under the provisions of Title 28 of the United States Code §1332(a) and accordingly, is one which may be removed to this Court by Defendant pursuant to the provisions of Title 28 of the United States Code §1441, in that it is a civil action in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs and is between citizens of different states.

9.    Defendant attaches a copy of Defendant's Notice of Removal that will be filed in the State Court of Cobb County, Georgia marked as Exhibit "D."

10.    This action is currently pending in the State Court of Cobb County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division. 28 U.S.C.A. § 1446(a).

11.    Defendant attaches a copy of the answer it filed in State Court, which is attached hereto as Exhibit "E."

This 22nd day of March, 2021.

Goodman McGuffey LLP
Attorneys for Dollar Tree Stores, Inc.


By:    _/s/James T. Hankins, III_____
JAMES T. HANKINS, III
GA Bar No.  188771
jhankins@GM-LLP.com
SAMANTHA M. MULLIS
GA Bar No.  365592
smullis@gm-llp.com
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MIRIAN JEVELI,

     Plaintiff,

v.

DOLLAR TREE STORES, INC.,

     Defendants.

Civil Action
File No.:

---

## CERTIFICATE OF COMPLIANCE

The foregoing PETITION FOR REMOVAL is double spaced in 14 point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

/s/ JAMES T. HANKINS, III
JAMES T. HANKINS, III, ESQ.
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax
jhankins@GM-LLP.com

IN THE STATE COURT OF COBB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| MIRIAN JEVELI, | |
| Plaintiff, | Civil Action File No.:     21-A-805 |
| v. | |
| DOLLAR TREE STORES, INC., | |
| Defendants. | |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this Petition for Removal with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Stav Bottner, Esq.
The Law Offices of Robert R. Pagniello, P.C.
651 Exchange Place NW
Lilburn, GA 30047
sbottner@pagniellolegal.com

This 22nd day of March, 2021.

_/s/ James T. Hankins, III_
JAMES T. HANKINS, III
GA Bar No.  188771
jhankins@GM-LLP.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax